46 F.3d 1128
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lloyd George MAXWELL, Defendant-Appellant.
 No. 93-5917.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 25, 1994.
Decided: January 27, 1995.
 
 Clarence F. Stanback, Jr., Arlington, VA, for Appellant. Helen F. Fahey, United States Attorney, Thomas M. Hollenhorst, Assistant United States Attorney, Alexandria, VA, for Appellee.
 Before WIDENER, WILKINS, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant, Lloyd George Maxwell, appeals his conviction on charges that he conspired and attempted to possess with intent to distribute five or more kilograms of cocaine, 21 U.S.C. Sec. 841(a)(1) (1988), 21 U.S.C. Sec. 846 (1988). Maxwell argues on appeal that the district court erred in excluding as irrelevant evidence concerning the propriety of the Government's use of a parolee as an informant and testimony concerning the exact amount of money the informant was paid on unrelated cases, that the evidence was insufficient, that the district court erred in failing to instruct the jury on a buyer-seller defense, and that the reverse-sting operation amounted to outrageous conduct in violation of his right to due process. Finding no error, we affirm the judgment and sentence below in all respects.
 
 
 2
 * Maxwell was arrested along with several other individuals during a reverse-sting operation organized by the Drug Enforcement Agency (DEA) through "John," a confidential informant. Maxwell met John while both were in prison. The two became friends, and discussed the possibility of importing a large quantity of Jamaican marijuana after their release from prison. After their release from prison, however, John began to work as an informant for the DEA.
 
 
 3
 John subsequently contacted Maxwell to arrange the Jamaican marijuana deal. John told Maxwell that he had an old friend who could supply them with cocaine to sell and that this would be a good way to finance their marijuana transaction. Maxwell agreed to this plan and in its furtherance, he arranged for Samuel Boodhoo to purchase the cocaine. John and Maxwell both told Boodhoo that they planned on splitting any profit they made from the cocaine sale. Boodhoo planned to purchase ten kilograms of cocaine through Maxwell. In preparation for the transaction, Maxwell assisted with counting the money, and he drove one of the cars to meet the cocaine suppliers who were, in fact, DEA agents.
 
 II
 
 4
 To support his defense of entrapment, Maxwell's counsel attempted to introduce testimony establishing that Maxwell and John were both parolees and that the DEA broke the law by encouraging two parolees to associate with one another. Entrapment is an affirmative defense and requires that the defendant produce some minimal amount of evidence that the government implanted in an innocent person's mind the disposition to commit a crime, and then induced commission of that crime so that the government could prosecute. United States v. Jones, 976 F.2d 176, 179 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3772 (U.S.1993). That the DEA might have violated the law by creating a situation where two parolees associate is not relevant to Maxwell's predisposition or to the issue of whether the Government induced Maxwell to engage in a federal drug offense. Hence, the district court correctly ruled this testimony irrelevant.
 
 
 5
 Maxwell also argues that the district court erred in excluding as irrelevant testimony concerning the exact amount of money the DEA paid John for his assistance on other cases. While the proffered testimony may have been relevant in that it was probative of John's credibility, see United States v. Williams, 954 F.2d 668, 671-72 (11th Cir.1992), the district court acted within its discretion in excluding it because it amounted to the "needless presentation of cumulative evidence." See Fed.R.Evid. 403. John already testified that he expected to receive $75,000 for his assistance on Maxwell's case. John also testified that he was routinely paid as much as twenty-five percent of the money or property seized and that he was motivated to assist the DEA because of the money. Hence, the jury was given ample evidence from which to make a reasoned judgment of John's credibility and the district court did not abuse its discretion.
 
 III
 
 6
 Maxwell argues that the evidence was insufficient to sustain his conviction. We reject this argument. This Court will not reverse a conviction for insufficiency of the evidence unless after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942).
 
 
 7
 To establish a drug conspiracy under 21 U.S.C. Sec. 846, the Government was only required to show the existence of an agreement to violate federal drug laws and the defendant's willful participation in that agreement. See, e.g. United States v. Clark, 928 F.2d 639, 641-42 (4th Cir.1991). The existence of an agreement may be inferred from purely circumstantial evidence showing that the defendant knew the essential nature of the conspiracy and took action indicating his participation in it. See United States v. Morrow, 914 F.2d 608, 612 (4th Cir.1990). To support a conviction for attempt, the evidence must show culpable intent and a substantial step toward completion of the crime as corroboration of that intent. United States v. Sutton, 961 F.2d 476, 478 (4th Cir.), cert. denied, 61 U.S.L.W. 3260 (U.S.1992).
 
 
 8
 The Government introduced evidence that Maxwell agreed to participate in the sale of ten kilograms of cocaine to make enough money to finance a marijuana transaction. Maxwell found Samuel Boodhoo to purchase the cocaine, and he told Boodhoo that he and John would split the profit made from the sale. Moreover, Maxwell assisted in counting the money to be used to purchase the cocaine, and he drove one of the cars to the transaction site. Based on the Government's evidence, a rational jury could easily have found beyond a reasonable doubt that Maxwell had an agreement with Boodhoo to violate federal drug laws and that Maxwell possessed culpable intent and made a substantial step towards possessing and distributing over five kilograms of cocaine.*
 
 IV
 
 9
 Maxwell argues that the district court erred in failing to instruct the jury that if the evidence produced by the Government merely showed that Maxwell helped a willing buyer locate a willing seller, standing alone this would be insufficient to establish the existence of an agreement between Maxwell and the buyer, and thus insufficient to sustain a conspiracy conviction. Maxwell forfeited appellate review, other than for plain error, by his failure properly to note a trial objection. See United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993).
 
 
 10
 We have previously held that it is not error for a district court to refuse to give a buy-sell instruction where the evidence reveals that the relationship between the alleged conspirators goes beyond that of a mere buy-sell transaction. United States v. Mills, 995 F.2d 480, 484-85 (4th Cir.), cert. denied, 62 U.S.L.W. 3252 (U.S.1993). Because the evidence sufficiently showed that Maxwell's participation went beyond that of arranging a mere buy-sell transaction between third parties, the district court did not plainly err in failing to give the requested instruction.
 
 V
 
 11
 Maxwell argues that his conviction should be reversed because he was entrapped as a matter of law and the Government's involvement in arranging a reverse-sting operation amounted to outrageous conduct as a matter of law. We reject these arguments.
 
 
 12
 Entrapment requires an examination of whether the defendant was predisposed to commit the crime. If, as in this case, the issue of entrapment is sent to the jury, their subsequent finding of guilt will only be reversed if no rational trier of fact could have found predisposition beyond a reasonable doubt. Jones, 976 F.2d at 180. The evidence showed that before John became an informer, he and Maxwell plotted to put together a marijuana deal. After John became an informer, he suggested that they finance the deal with the sale of cocaine. The testimony showed that Maxwell readily agreed to this idea and assisted finding a buyer for the cocaine. Accordingly, Maxwell's entrapment argument must fail.
 
 
 13
 Similarly, we reject Maxwell's argument that the Government's conduct violated his due process rights. Maxwell forfeited appellate review of this issue, other than for plain error, by failing to raise it before the trial court. See Olano, 61 U.S.L.W. at 4423-24. Accordingly, this Court's review is limited to determining whether the Government's conduct "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)). We find no plain error. Compare United States v. Tucker, 28 F.3d 1420, 1427 (6th Cir.1994) (holding that doctrine of outrageous government conduct is no longer a valid defense); with United States v. Solorio, 63 U.S.L.W. 2190, 2190 (9th Cir. Sept. 20, 1994) (reversing conviction for outrageous government conduct where informant allowed to develop crimes and received payment from DEA on contingency basis).
 
 
 14
 Maxwell's conviction is, accordingly, affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Maxwell also argues that the evidence was insufficient because he could not be guilty of conspiring only with a government agent. We reject this argument because Maxwell was neither indicted nor convicted of conspiring with John, the government's agent. Maxwell was indicted and convicted, however, of conspiring with two private citizen co-Defendants