**Lloyd George MAXWELL, Petitioner–Appellant,**

v.

**John LAMANNA, Warden, Respondent–Appellee.**

No. 00–3367.

United States Court of Appeals, Sixth Circuit.

May 16, 2001.

Before JONES, SILER, and GILMAN, Circuit Judges.

Lloyd G. Maxwell, a pro se federal prisoner, appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In March 1988, a jury convicted Maxwell in the United States District Court for the District of Maryland of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The court sentenced him to a total of five years of imprisonment. The Fourth Circuit Court of Appeals affirmed his convictions and sentence in November 1989. *United States v. Maxwell,* No. 88–5085, 1989 WL 134590 (4th Cir. Nov.2, 1989). Thereafter, in January 1996, Maxwell filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the district court denied in November 1996. The district court also denied his motion for a certificate of appealability (COA), and his motion to reconsider the orders denying his § 2255 motion and his application for a COA. In March 1998, the Fourth Circuit dismissed the appeal of the § 2255 motion as untimely and affirmed the district court's denial of a

COA. *United States v. Maxwell,* Nos. 97–7184, 1998 WL 127524 (4th Cir. Mar.23, 1998), *cert. denied,* 525 U.S. 917, 119 S.Ct. 268, 142 L.Ed.2d 221 (1998).

In 1993, a jury convicted Maxwell in the United States District Court for the Eastern District of Virginia of conspiracy and attempt to possess with intent to distribute five or more kilograms of cocaine, violations of 21 U.S.C. §§ 841(a)(1) and 846. Maxwell was sentenced to a total of 240 months of imprisonment, plus an additional ten years based on enhancement for his 1988 drug conviction. The Fourth Circuit Court of Appeals affirmed his convictions and sentence in January 1995. *United States v. Maxwell,* No. 93–5917, 1995 WL 32637 (4th Cir. Jan.27, 1995). Thereafter, the district court denied Maxwell's motion for relief under 18 U.S.C. § 3582. The Fourth Circuit affirmed the district court's judgment dismissing the motion, and noted that Maxwell's § 3582 motion was more properly construed as a § 2255 motion. *United States v. Maxwell,* No. 99–7153, 2000 WL 341917 (4th Cir. Apr.3, 2000).

In his current § 2241 habeas corpus petition filed in January 2000, Maxwell challenged his 1988 convictions and sentence, arguing that: 1) his convictions were obtained in violation of his Fourth Amendment rights because the police conducted a non-consensual search of his co-conspirator's car; and 2) his counsel rendered ineffective assistance by not properly asserting Maxwell's standing to challenge the alleged improper search. Maxwell also appears to challenge his 1993 sentence as improper because the court imposed a ten-year enhancement based on his 1988 convictions. On March 6, 2000, the district court dismissed the petition because Maxwell had filed the petition in the wrong district court, and because he improperly sought to challenge the imposition of his sentence under § 2241, and yet he had failed to show that his remedy under § 2255 was inadequate or ineffective. Maxwell has filed a timely appeal, essentially reasserting his grounds for relief. He also appears to argue that the Bureau of Prisons transferred him from F.C.I. Fairton, New Jersey to F.C.I. Beckley, West Virginia, in contravention of Fed. R.App. P. 23(a).

Upon review, we conclude that the district court properly dismissed Maxwell's § 2241 petition. We render de novo review of a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles,* 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *See id.* at 756.

Reviewing recent decisions that have invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have done so essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under AEDPA. *See Charles,* 180 F.3d at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles,* the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a second bite of the apple. *Id.* at 757; *see also Pack v. Yusuff,* 218 F.3d 448, 453 (5th Cir.2000) (court declines to articulate circumstances when burden would be met because prisoner had a prior opportunity to present claims and he had not presented a claim of

actual innocence); *United States v. Barrett,* 178 F.3d 34, 52–53 (1st Cir.1999) (same), *cert. denied,* 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000).

Maxwell has not satisfied this burden for two reasons. First, Maxwell does not cite to an intervening change in the law which reflects that he may be actually innocent of his crimes. Unlike other prisoners who have obtained review of their claims because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate, *see In re Davenport,* 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States,* 124 F.3d 361, 363, 378–80 (2d Cir.1997); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir. 1997), Maxwell has had multiple opportunities to challenge his convictions and sentences on his asserted grounds on appeal and in his prior § 2255 motions to vacate. The district court properly dismissed Maxwell's § 2241 petition because neither his asserted claims nor his argument concerning his alleged improper transfer constitute claims of actual innocence. *See, e.g., Charles,* 180 F.3d at 757 (no circuit court has permitted a post-AEDPA petitioner who was not effectively making a claim of "actual innocence" to utilize § 2241).

Second, Maxwell's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles,* the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because the petitioner may be denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles,* 180 F.3d at 756–58; *accord United States v. Lurie,* 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under § 2241 is not an additional, alternative or supplemental

remedy to that prescribed under § 2255. *See Charles,* 180 F.3d at 758.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.