**Reginald Lynn WARREN,**
**Petitioner–Appellant,**

v.

**Edward PEREZ, Warden,**
**Respondent–Appellee.**

No. 00–5279.

United States Court of Appeals,
Sixth Circuit.

March 15, 2001.

Before NORRIS and DAUGHTREY, Circuit Judges; ZATKOFF, District

Judge.*

Reginald L. Warren appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In August 1993, Warren pleaded guilty in the United States District Court for the Western District of Tennessee, to using and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). The district court sentenced Warren to 120 months of imprisonment. Warren did not appeal his judgment of conviction and sentence. In September 1994, Warren filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the district court denied, and Warren's subsequent appeal was dismissed for want of prosecution.

In August 1995, Warren filed a "motion for order to release," which the district court denied. On appeal, this court construed his motion as a § 2255 motion to vacate and affirmed the district court's judgment denying relief. In September 1998, this court denied Warren permission to file a second or successive § 2255 motion to vacate in which he sought to raise a claim in light of the decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).

In his current habeas corpus petition filed in August 1999, Warren claimed that he is actually innocent of the § 924(c) conviction because he did not use a firearm in relation to a drug trafficking offense in light of the Supreme Court's intervening decision narrowly defining "use" in *Bailey*.

The district court denied Warren relief under § 2241 concluding that Warren's conduct constituted "use" as defined in *Bailey*. Accordingly, the district court dismissed Warren's petition for habeas corpus relief. Warren appeals.

■ This court renders de novo review of a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *See Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). Such review reflects that the district court properly dismissed Warren's petition.

■ Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles*, 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *See id.* at 756.

Reviewing recent decisions that have invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have done so essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the Antiterrorism and Effective Death Penalty Act of 1996. *See Charles*, 180 F.3d at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles*, the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a "second bite of the apple." *Id.* at 757; *see also Pack v. Yusuff*, 218

---

* The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

F.3d 448, 453 (5th Cir.2000) (court declines to articulate circumstances when burden would be met because prisoner had a prior opportunity to present claims and he had not presented a claim of actual innocence); *United States v. Barrett,* 178 F.3d 34, 52–53 (1st Cir.1999) (same), *cert. denied,* 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000).

■ Warren has not satisfied his burden of showing that his remedy under § 2255 is inadequate or ineffective, as he does not cite to an intervening change in the law or to any extraordinary circumstances which reflect that he may be actually innocent of his crime. In *Bailey,* the Supreme Court concluded that § 924(c) requires evidence sufficient to show that the defendant actively employed a firearm, using it as an operative factor in relation to the predicate offense. *Bailey,* 516 U.S. at 148. "Use" of the firearm includes brandishing the firearm. *Id.* Warren contends that he did not "use" a firearm because he mistakenly believed that thieves were breaking into his home to steal his drugs or drug proceeds when he brandished the shotgun. Warren admits that he obtained the shotgun in order to protect his drugs, that he picked up the sawed-off shotgun to protect his drugs and drug proceeds from a perceived threat, and that he brandished the shotgun as police officers entered his home to execute a search warrant. Warren clearly used the shotgun during and in relation to a drug trafficking crime. *See United States v. Anderson,* 89 F.3d 1306, 1313 (6th Cir.1996).

Warren's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles,* the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because the petitioner has been denied per-mission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles,* 180 F.3d at 756–58; *accord United States v. Lurie,* 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *Charles,* 180 F.3d at 758.

Accordingly, we affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.