James T. **MORRIS**, Petitioner–Appellant,

v.

Edward **PEREZ**, Warden, Respondent–Appellee.

No. 00–5742.

United States Court of Appeals, Sixth Circuit.

March 15, 2001.

**312**

Before NORRIS and DAUGHTREY, Circuit Judges; ZATKOFF, District Judge.*

James T. Morris appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In July 1989, Morris pleaded guilty to one count of distributing cocaine in violation of 21 U.S.C. § 841(a)(1) and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 944. The district court sentenced Morris to eight years of imprisonment for the drug offense and one year on the firearm offense, to be served consecutively, to be followed by a five-year period of special parole. In lieu of a direct criminal appeal,

Morris moved the district court to correct an illegal sentence under Fed.R.Crim.P. 35(a) (as applicable to offenses committed before November 1, 1987). Morris has filed two unsuccessful § 2255 motions to vacate sentence, and the Fourth Circuit has denied Morris a certificate of appealability in each instance.

In his current § 2241 habeas corpus petition filed in April 2000, Morris claimed that his § 944 conviction for possession of a firearm by a convicted felon is illegal, because his civil rights had been restored and he was allowed to possess the firearm. The district court dismissed the petition, concluding that Morris could not challenge the imposition of his sentence under § 2241, because Morris had not shown that his remedy under § 2255 was inadequate or ineffective.

Morris reasserts his claim in his timely appeal. The government was not served with the petition in the district court, and hence it was not requested to file an appellate brief.

We render de novo review of a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). Such review reflects that the district court properly dismissed Morris's petition.

Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles,* 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy

---

* The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

under § 2255 is inadequate or ineffective. *Charles,* 180 F.3d at 756.

Reviewing recent decisions that have invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have done so essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Charles,* 180 F.3d at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles,* the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a "second bite of the apple." *Id.* at 757; *see also Pack v. Yusuff,* 218 F.3d 448, 453 (5th Cir.2000) (court declines to articulate circumstances when burden would be met because prisoner had a prior opportunity to present claims and he had not presented a claim of actual innocence); *United States v. Barrett,* 178 F.3d 34, 52–53 (1st Cir.1999) (same), *cert. denied,* 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000).

■ Morris has not met his burden to prove that his § 2255 remedy is inadequate or ineffective for several reasons. First, Morris does not cite to an intervening change in the law or to any extraordinary circumstances which reflect that he may be actually innocent of his crime. Unlike other prisoners who have obtained review of their viable actual innocence claims because they did not have a prior opportunity to present their claims, *see In re Davenport,* 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States,* 124 F.3d 361, 363, 378–80 (2d Cir.1997); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir. 1997), Morris has had opportunities to challenge his conviction and sentence in his prior § 2255 motions to vacate, and Morris did not take advantage of his opportunity to directly appeal his judgment of conviction and sentence.

Second, it is unclear whether and to what extent someone like Morris can show actual innocence in relation to his claim that only challenges the imposition of his sentence. *See Wofford v. Scott,* 177 F.3d 1236, 1244–45 (11th Cir.1999). We need not resolve this issue in this case, however, because Morris does not rely on any intervening Supreme Court decision for relief. *See id.*

Third, Morris's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles,* the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because the petitioner may be denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles,* 180 F.3d at 756–58; *accord United States v. Lurie,* 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *Charles,* 180 F.3d at 758.

Accordingly, we affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.