**Otis JACKSON II, Petitioner–Appellant,**

v.

**Edward PEREZ, Respondent–Appellee.**

No. 00–5236.

United States Court of Appeals, Sixth Circuit.

March 16, 2001.

Before COLE and GILMAN, Circuit Judges; BORMAN, District Judge.*

Otis Jackson II appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In July 1991, a jury sitting in the United States District Court for the Southern District of West Virginia found Jackson guilty of conspiracy to distribute cocaine, crack cocaine, and marijuana in violation of 21 U.S.C. § 846, and conspiracy to commit an offense against the United States in violation of 18 U.S.C. § 371. The district court sentenced Jackson to 240 months of imprisonment, and the Fourth Circuit affirmed Jackson's conviction and sentence. In April 1997, Jackson filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, in which he asserted substantially the same claim that he asserts in his current § 2241 petition. Upon recommendation of the magistrate judge, the district court denied Jackson's motion. The Fourth Circuit affirmed the district court's judgment on appeal. In July 1999, Jackson sought authorization for leave to file a second or successive § 2255 motion in the district court raising several issues, including the same issue that he asserts in his current § 2241 petition. The Fourth Circuit denied Jackson's motion in August 1999.

In his current § 2241 habeas corpus petition filed in September 1999, Jackson claimed that his sentence is illegal because the jury returned a general verdict form. Jackson argued that because the jury rendered a general verdict of guilt, the court may have sentenced him for conspiracy to distribute crack or powder cocaine, instead of marijuana, for which there was insufficient evidence to support his guilt and for which there is a higher mandatory minimum and maximum sentence. The district court dismissed the petition, concluding that Jackson could not challenge the imposition of his sentence under § 2241, because he had not shown that his remedy under § 2255 was inadequate or ineffective.

Jackson reasserts his claim in his timely appeal.

■ This court renders de novo review of a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). Such review reflects that the district court properly dismissed Jackson's petition.

■ Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles,* 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles,* 180 F.3d at 756.

---

* The Honorable Paul D. Borman, United States District Judge for the Eastern District of Michigan, sitting by designation.

**340**

Reviewing recent decisions that have invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have done so essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Charles*, 180 F.3d at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles*, the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a "second bite of the apple." *Id.* at 757; *see also Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir.2000) (court declines to articulate circumstances when burden would be met because prisoner had a prior opportunity to present claims and he had not presented a claim of actual innocence); *United States v. Barrett*, 178 F.3d 34, 52–53 (1st Cir.1999) (same), *cert. denied*, 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000).

Jackson has not met his burden to prove that his § 2255 remedy is inadequate or ineffective. Jackson does not cite to an intervening change in the law or to any extraordinary circumstances which reflect that he may be actually innocent of his crimes. Unlike other prisoners who have obtained review of their viable actual innocence claims because they did not have a prior opportunity to present their claims, *see In re Davenport*, 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States*, 124 F.3d 361, 363, 378–80 (2d Cir.1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), Jackson has had multiple opportunities to challenge his conviction and sentence in his direct criminal appeal and in his prior § 2255 motion to vacate.

Jackson's remedy under § 2255 is also not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles*, the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because the petitioner has been denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles*, 180 F.3d at 756–58; *accord United States v. Lurie*, 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *Charles*, 180 F.3d at 758.

Accordingly, we affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.