**Mark Allen PERKINS, Petitioner–Appellant,**

v.

**John LAMANNA, Warden, Respondent–Appellee.**

No. 00–3745.

United States Court of Appeals, Sixth Circuit.

May 17, 2001.

court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In May 1991, Perkins pleaded guilty in the United States District Court for the Eastern District of Michigan, to conspiracy to distribute cocaine and marijuana in violation of 21 U.S.C. § 846. The district court initially sentenced Perkins to 192 months of imprisonment. The Sixth Circuit affirmed Perkins's conviction and sentence. The district court subsequently reduced Perkins's term of imprisonment to 147 months. In September 1999, the district court denied Perkins's motion for leave to file a 28 U.S.C. § 2255 motion to vacate sentence out of time.

In his current § 2241 habeas corpus petition filed in April 2000, Perkins claimed that: 1) the district court erred in not applying USSG § 5G1.3 to his sentence; 2) the district court erred in applying USSG § 3B1.1(a) to his sentence; 3) the district court vindictively sentenced him; and 4) he is entitled to an additional one level reduction under USSG § 3E1.1 in light of his acceptance of responsibility. The district court dismissed the petition because Perkins was improperly seeking to challenge the imposition of his sentence under § 2241. Perkins essentially reasserts his claims in his timely appeal.

■ The appellate court renders de novo review of a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). Such review reflects that the district court properly dismissed Perkins's petition.

Before SILER and MOORE, Circuit Judges; STAGG, District Judge.*

Mark Perkins appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the

* The Honorable Tom Stagg, United States District Judge for the Western District of Louisi-
ana, sitting by designation.

■ Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255 (last clause in fifth paragraph), *Charles,* 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles,* 180 F.3d at 756.

Reviewing recent decisions that have invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have done so essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Charles,* 180 F.3d at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles,* the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a "second bite of the apple." *Id.* at 757, *see also Pack v. Yusuff,* 218 F.3d 448, 453 (5th Cir.2000) (court declines to articulate circumstances when burden would be met because prisoner had a prior opportunity to present claims and he had not presented a claim of actual innocence), *United States v. Barrett,* 178 F.3d 34, 52–53 (1st Cir.1999) (same), *cert. denied,* 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000).

■ Perkins has not met his burden to prove that his § 2255 remedy is inadequate or ineffective for several reasons. First, Perkins does not cite to an intervening change in the law or to any extraordinary circumstances which reflect that he may be actually innocent of his crimes. Unlike other prisoners who have obtained review of their viable actual innocence claims because they did not have a prior opportunity to present their claims, *see In re Davenport,* 147 F.3d 605, 609, 611 (7th Cir.1998), *Triestman v. United States,* 124 F.3d 361, 363, 378–80 (2d Cir.1997); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir. 1997), Perkins has had opportunities to challenge his conviction and sentence in his direct criminal appeal and in a § 2255 motion to vacate, had he so moved the court in a timely manner.

Second, it is unclear whether and to what extent someone like Perkins can show actual innocence in relation to his claim that only challenges the imposition of his sentence. *See Wofford v. Scott,* 177 F.3d 1236, 1244–45 (11th Cir.1999). We need not resolve this issue in this case, however, because Perkins does not rely on any intervening Supreme Court decision for relief. *See id.*

Third, Perkins's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles,* the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because the petitioner may be denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles,* 180 F.3d at 756–58, *accord United States v. Lurie,* 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *Charles,* 180 F.3d at 758.

Accordingly, we affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.