Jesse McCoy WHITLEY, Petitioner–
Appellant,

v.

Edward PEREZ, Respondent–Appellee.

No. 00–6631.

United States Court of Appeals,
Sixth Circuit.

June 11, 2001.

Before GUY, NORRIS, and GILMAN, Circuit Judges.

Jesse McCoy Whitley, a pro se federal prisoner, appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In August 1990, Whitley pleaded guilty in the United States District Court for the Western District of Virginia, to carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) and possessing with intent to distribute approximately 108 pounds of marijuana in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Whitley to 120 months of imprisonment on the drug charge and sixty months of imprisonment on the firearm charge to be served consecutively. Whitley did not ap-

peal his judgment of conviction and sentence.

In August 1995, Whitley filed a motion to vacate his sentence under 28 U.S.C. § 2255. The district court denied Whitley's motion in February 1996. Thereafter, Whitley filed another motion to vacate his sentence under 28 U.S.C. § 2255 in which he asserted substantially the same claim that he asserts in his current § 2241 petition. The district court denied that motion in February 1997, and the Fourth Circuit denied Whitley a certificate of appealability in May 1997. In April 2000, the Fourth Circuit denied Whitley permission to file a successive § 2255 motion.

In his current § 2241 habeas corpus petition filed in May 2000, Whitley sought to challenge his § 924(c)(1) conviction arguing that his guilty plea on the firearm charge is invalid because it was not based on his knowing the true elements of a § 924(c)(1) offense. In support of his argument, Whitley relies on the Supreme Court's decision in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), and claims that: 1) he was convicted of a crime based on conduct that the Supreme Court later determined was not criminal; and 2) he is actually innocent of the crime. The district court dismissed the petition because Whitley was improperly seeking to challenge the imposition of his sentence under § 2241, and yet he had failed to show that his remedy under § 2255 was inadequate or ineffective. Whitley has filed a timely appeal from that judgment.

■ This court renders de novo review of a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). Such review reveals that the district court properly dismissed Whitley's petition.

■ Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles,* 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *See id.* at 756.

Reviewing recent decisions that have invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have done so essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Charles,* 180 F.3d at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles,* the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a "second bite of the apple." *Id.* at 757; *see also Pack v. Yusuff,* 218 F.3d 448, 453 (5th Cir.2000) (court declines to articulate circumstances when burden would be met because prisoner had a prior opportunity to present claims and he had not presented a claim of actual innocence); *United States v. Barrett,* 178 F.3d 34, 52–53 (1st Cir.1999) (same), *cert. denied,* 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000).

■ Whitley has not met his burden of proving that his § 2255 remedy is inadequate or ineffective for several reasons. First, Whitley does not cite to an intervening change in the law which reflects that he may be actually innocent of his crime. Unlike other prisoners who have obtained review of their claims because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 mo-

tion to vacate, *see In re Davenport*, 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States*, 124 F.3d 361, 363, 378–80 (2d Cir.1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), Whitley has had an opportunity to challenge his sentence on his asserted ground in his second § 2255 motion to vacate. To the extent that Whitley seeks to rely on the Supreme Court's decision in *Bailey v. United States*, it is noted that *Bailey* was decided on December 6, 1995. Thus, Whitley could easily have raised a *Bailey* issue in the § 2255 motion to vacate that was denied by the district court in February 1997.

Second, Whitley's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles,* the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because the petitioner has been denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles,* 180 F.3d at 756–58; *accord United States v. Lurie,* 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *Charles,* 180 F.3d at 758.

Whitley's claim is without merit in any event. In support of his habeas petition, Whitley relies on the Supreme Court's decision in *Bailey v. United States.* In that case, the Supreme Court held that a conviction for use of a firearm in relation to a drug trafficking crime requires evidence to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense. *Bailey,* 516 U.S. at 143, 116 S.Ct. 501. Whitley, however, did not plead guilty to *using* a firearm in relation to a drug trafficking crime but to *carrying* a firearm in relation to a drug trafficking crime. The car that Whitley was driving contained 108 pounds of marijuana, a loaded .38 caliber Smith and Wesson handgun under the driver's seat and a Ruger Mini 14 .223 caliber rifle in the rear floor. Whitley's carrying conviction is unaffected by the *Bailey* decision. *See Muscarello v. United States,* 524 U.S. 125, 126–27, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998).

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.