Jose Marcellus **HERNANDEZ**, Petitioner–Appellant,

v.

John **LAMANNA**, Warden, Respondent–Appellee.

No. 00–3947.

United States Court of Appeals, Sixth Circuit.

June 20, 2001.

Before JONES, SUHRHEINRICH, and DAUGHTREY, Circuit Judges.

Jose Marcellus Hernandez, a pro se federal prisoner, appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, Hernandez pleaded guilty in the United States District Court for the Middle District of Florida to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841. The court sentenced Hernandez to 265 months of imprisonment. In January 1998, the Eleventh Circuit Court of Appeals affirmed Hernandez's conviction and sentence. In February 1999, Hernandez filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the district court denied in July 1999. Hernandez stated that, in March 2000, the Eleventh Circuit Court of Appeals denied his motion to file a second or successive § 2255 motion.

In April 2000, Hernandez filed a § 2241 habeas corpus petition, arguing that: 1) his due process rights were violated because he was never provided with a copy of the charging documents in his native language (Spanish); and 2) his due process and equal protection rights have been violated because he is being housed in a facility that does not provide research materials or legal assistance in Spanish. In July 2000, the district court dismissed the petition because Hernandez improperly sought to challenge the imposition of his sentence under § 2241, and yet he had failed to show that his remedy under § 2255 was inadequate or ineffective. The court also noted that, to the extent that Hernandez sought to challenge the conditions of his confinement, he was required to file a civil rights action.

Hernandez has filed a timely appeal, essentially reasserting his grounds for relief, and arguing that the district court improperly concluded that he could not pursue his claims challenging the conditions of his confinement in a § 2241 petition. Hernandez has also filed a motion to proceed in forma pauperis on appeal.

Upon review, we conclude that the district court properly dismissed Hernandez's § 2241 petition. This court reviews de novo the district court's order dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

 Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles,* 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *See id.* at 756.

█ Reviewing recent decisions that have invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have done so essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the AEDPA. *See Charles,* 180 F.3d at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles,* the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a second bite of the apple. *Id.* at 757; *see also Pack v. Yusuff,* 218 F.3d 448, 453 (5th Cir.2000) (court declines to articulate circumstances when burden would be met because prisoner had a prior opportunity to present claims and he had not presented a claim of actual innocence); *United States v. Barrett,* 178 F.3d 34, 52–53 (1st Cir.1999) (same), *cert. denied,* 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000).

Hernandez has not satisfied this burden for two reasons. First, Hernandez does not cite to an intervening change in the law which reflects that he may be actually innocent of the crimes for which he was convicted. Unlike other prisoners who have obtained review of their claims because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate, *see In re Davenport,* 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States,* 124 F.3d 361, 363, 378–80 (2d Cir.1997); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir. 1997), Hernandez has had multiple opportunities to challenge his conviction and sentence on his asserted grounds on appeal and in his prior § 2255 motion to vacate. In addition, the district court also properly dismissed Hernandez's claims because he simply did not assert a claim of actual innocence. *See Charles,* 180 F.3d at 757 (invalid guilty plea and ineffective as-

sistance of counsel claims are not claims of actual innocence).

 Second, Hernandez's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles*, the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because the petitioner has been denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles*, 180 F.3d at 756–58; *accord United States v. Lurie*, 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Charles*, 180 F.3d at 758.

Finally, contrary to Hernandez's argument on appeal, a § 2241 habeas petition is not the appropriate vehicle for challenging the conditions of his confinement. Hernandez essentially argued that his conviction and sentence are improper because he was never provided a copy of the charging documents in Spanish, and because he has been denied access to the courts to challenge his conviction and sentence because he does not have access to Spanish research materials or access to legal assistance in Spanish. These type of claims may not be brought under 28 U.S.C. § 2241, which is reserved for challenges to the execution of a sentence, such as the computation of parole or sentence credits, and may not be used to challenge the validity of a conviction or the conditions of confinement. *See Cohen v. United States*, 593 F.2d 766, 770–71 (6th Cir.1979).

Accordingly, we grant the motion to proceed in forma pauperis for the limited purpose of this review and affirm the dis-

trict court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.