# UNITED STATES COURT OF APPEALS

## FOR THE EIGHTH CIRCUIT

_____

### No. 98-2568

_____

United States of America,                    *
                                             *
    Respondent/Appellee,                     *
                                             *       Appeal from the United States
v.                                           *       District Court for the Eastern
                                             *       District of Missouri.
Ronald U. Lurie,                             *
                                             *
    Petitioner/Appellant.                    *

_____

Submitted:   December 17, 1999

Filed:   March 29, 2000

_____

Before RICHARD S. ARNOLD and LOKEN, Circuit Judges, and WEBB,[1] District
    Judge.

WEBB, District Judge.

_____

    [1] The Honorable Rodney S. Webb, Chief Judge, United States District Court
for the District of North Dakota, sitting by designation.

Appellant, Ronald U. Lurie, seeks relief from the summary dismissal of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. We review de novo a district court's dismissal of a § 2241 habeas corpus petition. <u>See</u> <u>Charles v. Chandler</u>, 180 F.3d 753, 755 (6th Cir. 1999).

Pursuant to a plea agreement, Lurie pled guilty to making a false declaration in a proceeding before the United States Bankruptcy Court in violation of 18 U.S.C. § 1623. He was sentenced to a term of eighteen months imprisonment to be followed by two years of supervised release; a fine was also imposed. Lurie did not appeal his criminal conviction or sentence. Shortly before his term of supervised release was to expire, Lurie filed a motion to vacate his sentence per 28 U.S.C. § 2255, or, in the alternative, a petition for writ of habeas corpus per 28 U.S.C. § 2241, contending that his guilty plea was not knowingly and voluntarily entered and that he was innocent of the charge. The district court[2] determined that petitioner's § 2255 motion was untimely since all of the grounds to support withdrawing his guilty plea could have been asserted on direct appeal or in a timely § 2255 motion. The court dismissed the claim for relief under § 2241 because Lurie had not shown that relief under § 2255 was "inadequate or ineffective" to test the legality of his conviction.

This court denied a certificate of appealability on the dismissal of the § 2255 motion; we directed briefs, however, on the dismissal of the alternative request for a writ of habeas corpus pursuant to § 2241.

---

[2] The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

A challenge to a federal conviction, like this one, is most appropriately brought as a motion under 28 U.S.C. § 2255. See United States v. Hayman, 342 U.S. 205, 217 (1952). The district court correctly dismissed Lurie's § 2255 motion as being beyond the one-year statute of limitations and/or grace period of 28 U.S.C. § 2255 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[3] A writ of habeas corpus on behalf of a petitioner may issue under 28 U.S.C. § 2241 only if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Thus, the issue is whether § 2255 is inadequate or ineffective to test the legality of Lurie's conviction.[4] We believe it is not.

While courts have not thoroughly defined what is meant by "inadequate or ineffective," recent cases from our sister circuits make clear that more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion. See, e.g.,

---

[3] Section 2255 provides that "[a] 1-year period of limitation shall apply to a motion under this section." With respect to persons, like Lurie, whose convictions became final prior to the April 24, 1996 effective date of the AEDPA, a one-year grace period began to run after the AEDPA's effective date. See Moore v. United States, 173 F.3d 1131, 1133 (8th Cir. 1999).

[4] Lurie asserts that he is entitled to file a § 2241 habeas corpus petition pursuant to the § 2255 savings clause based on his mere claim of "actual innocence." Claims of "actual innocence" are extremely rare and are based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). Nothing in this case persuades us that Lurie presents more than an unsupported allegation of "actual innocence." Therefore, we decline to address whether a claim of "actual innocence" allows a petitioner to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause.

In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998) (noting that it can't be right and would nullify the AEDPA limitations if a prisoner, prevented from obtaining relief under § 2255, could simply turn to § 2241). Specifically, the § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied, see Charles, 180 F.3d at 757-58; In re Dorsainvil, 119 F.3d 245, 251 (3rd Cir. 1997), or because petitioner has been denied permission to file a second or successive § 2255 motion, see United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999); Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999); Davenport, 147 F.3d at 608, or because a second or successive § 2255 motion has been dismissed, see Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999), or because petitioner has allowed the one year statute of limitations and /or grace period to expire, see Charles, 180 F.3d at 758.

As the district court correctly noted, the fact that Lurie may not now utilize § 2255 because his one-year grace period has run, does not automatically render § 2255 inadequate or ineffective. Neither has Lurie *actually* demonstrated that a § 2255 motion is inadequate or ineffective. All of the claims asserted here,[5] including Lurie's claim of actual innocence, could have been maintained in a timely § 2255 motion or on direct appeal. "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective," Charles, 180 F.3d at 756; see also DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986), yet Lurie offers no credible evidence to establish that his claims could not have been brought within the grace period of § 2255. "The one-year period provided him with reasonable opportunity to file for relief; and if that time

---

[5] Lurie claims that he was mistakenly advised that his plea would resolve all the bankruptcy litigation, that he was taking Prozac, and that his attorney was ineffective for failing to advise him that his statements to the bankruptcy court were suppressible.

4

period has expired, it is the result of his own doing and not due to any inadequacy in the statute." Charles, 180 F.3d at 758.

Accordingly, we affirm the district court's summary dismissal of Lurie's § 2241 petition for writ of habeas corpus.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

5