UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

CARL R. COOPER,
*Plaintiff-Appellant,*

v.

UNITED STATES PAROLE COMMISSION,
*Defendant-Appellee.*

No. 00-6374



Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-98-965-5-BO)

Submitted: September 29, 2000

Decided: October 25, 2000

Before WIDENER, WILKINS, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Carol R. Cooper, Appellant Pro Se. Robert Edward Skiver, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Carl R. Cooper appeals the district court order and judgment deny-ing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (1994). In November 1983, Cooper was convicted in federal court of bank robbery and sentenced to an "old law" 15 year term of imprisonment. In 1991, while on parole, Cooper was convicted and sentenced to 71 months' imprisonment for bank robbery. The United States Parole Commission ("Commission") issued a parole violator warrant for Cooper. A detainer was placed on Cooper. In March 1992, the Parole Commission conducted a dispositional revocation hearing. Following the hearing, Cooper's parole was revoked and the unspeci-fied portion of his "old law" federal sentence was ordered to com-mence upon his release from his new federal sentence or his reparole to his new federal sentence. The parole violator warrant was not exe-cuted until February 12, 1996, when Cooper's new law term of imprisonment was completed.

On appeal, Cooper contends that his parole violator term of impris-onment should have run concurrently to the 1992 federal sentence. A district court order denying relief under § 2241 is reviewed de novo. *See United States v. Lurie*, 207 F.3d 1075, 1076 (8th Cir. 2000). The Commission is authorized to conduct a combined hearing to address the parole revocation and the initial hearing on the new federal sen-tence before the execution of the warrant. *See* 28 C.F.R. § 2.47(b)(1) (2000). It is the execution of the warrant that places the defendant in the custody of the United States Parole Commission. *See Moody v. Daggett*, 429 U.S. 78, 87 (1976). Under 28 C.F.R. § 2.47, it is the pol-icy of the Parole Board that the "revoked parolee's original sentence (which due to the new conviction, stopped running upon his last release from federal confinement on parole) again start to run only upon release from the confinement portion of the new sentence or the date of reparole granted pursuant of these rules, whichever comes first."

Cooper completed service on the 1992 term of imprisonment in February 1996 and the parole violator warrant was executed at that

time. Cooper was therefore properly serving the remainder of his original federal sentence.

We affirm the order and judgment of the district court.* We grant Cooper leave to proceed in forma pauperis. We deny Cooper's motions to expedite the appeal and for release pending appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*Although the district court denied relief on the basis that Cooper was no longer serving his 1992 sentence, we may affirm for any reason appearing on the record. *See United States v. Swann*, 149 F.3d 271, 277 (4th Cir. 1998).