**Walter PENA, Petitioner–Appellant,**

v.

**George E. SNYDER, Respondent–Appellee.**

No. 00–5309.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2001.

Before MARTIN, Chief Judge; COLE, Circuit Judge; and NUGENT, District Judge.*

Walter Pena appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In November 1993, Pena pleaded guilty in the United States District Court for the Eastern District of Pennsylvania, to conspiracy to distribute and possess with intent to distribute five kilograms or more of a substance containing a detectable amount of cocaine and to use of a telephone to facilitate the commission of a drug felony in violation of 21 U.S.C. §§ 841(a)(1), 843(b), and 846. The district court sentenced Pena to 151 months of imprisonment to be followed by seven years of supervised release. While Pena's direct criminal appeal was pending before the Third Circuit, Pena filed an unsuccessful motion in the district court for findings of fact pursuant to Fed.R.Crim.P. 32 and modification of sentence pursuant to 28 U.S.C. § 2255. Pena has also filed two other unsuccessful motions to vacate under 28 U.S.C. § 2255.

In his current § 2241 habeas corpus petition filed in January 1999, Pena claimed that his sentence was improperly enhanced under USSG § 3C1.1. The district court dismissed the petition, concluding that Pena could not challenge the imposition of his sentence under § 2241, because Pena had not shown that his remedy under § 2255 was inadequate or ineffective.

---

* The Honorable Donald C. Nugent, United States District Judge for the Northern District of Ohio, sitting by designation.

Pena reasserts his claim in his timely appeal. The government was not served with the petition in the district court, and hence it was not requested to file an appellate brief.

We render de novo review of a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). Such review reflects that the district court properly dismissed Pena's petition.

Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles*, 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756.

Reviewing recent decisions that have invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have done so essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Charles*, 180 F.3d at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles*, the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a "second bite of the apple." *Id.* at 757; *see also Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir.2000) (court declines to articulate circumstances when burden would be met because prisoner had a prior opportunity to present claims and he had not presented a claim of actual innocence); *United States v. Barrett*, 178 F.3d 34, 52–53 (1st Cir.1999) (same), *cert.*

*denied*, 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000).

Pena has not met his burden to prove that his § 2255 remedy is inadequate or ineffective. First, Pena does not cite to an intervening change in the law or to any extraordinary circumstances which reflect that he may be actually innocent of his crimes. Unlike other prisoners who have obtained review of their viable actual innocence claims because they did not have a prior opportunity to present their claims, *see In re Davenport*, 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States*, 124 F.3d 361, 363, 378–80 (2d Cir. 1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), Pena has had multiple opportunities to challenge his conviction and sentence in his direct criminal appeal and in his prior § 2255 motions to vacate.

In addition, Pena's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles*, the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because the petitioner may be denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles*, 180 F.3d at 756–58; *accord United States v. Lurie*, 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *Charles*, 180 F.3d at 758.

Accordingly, we affirm the district court's judgment. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.