**Milton A. WALDEN II, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 00–5736.

United States Court of Appeals, Sixth Circuit.

May 16, 2001.

Before SILER and MOORE, Circuit Judges; STAGG, District Judge.*

Milton A. Walden II appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In July 1996, Walden pleaded guilty in the United States District Court for the Central District of Illinois to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Walden received an enhanced sentence pursuant to the Armed

---

* The Honorable Tom Stagg, United States District Judge for the Western District of Louisi- ana, sitting by designation.

Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), and was sentenced to 180 months of imprisonment. On appeal, Walden argued in part that his sentence enhancement under the ACCA should be vacated because his 1975 state felony convictions did not qualify as predicate convictions inasmuch as his civil rights had been restored by gubernatorial commutation. The Seventh Circuit affirmed Walden's conviction and sentence.

In April 1997, Walden filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, in which he asserted the same claim that he now asserts in his § 2241 petition. The district court denied Walden's motion concluding that his 1975 state felony convictions had properly been considered as a valid basis for sentencing Walden as an armed career criminal under § 924(e)(1). The Seventh Circuit denied Walden a certificate of appealability.

In his current § 2241 habeas corpus petition filed in March 2000, Walden claimed that the district court improperly sentenced him pursuant to 18 U.S.C. § 924(e)(1) as an armed career criminal because his civil rights had been restored with respect to his 1975 state felony convictions, and he was allowed to possess the firearm. The district court dismissed the petition, concluding that Walden could not challenge the imposition of his sentence under § 2241, because he had not shown that his remedy under § 2255 was inadequate or ineffective.

Walden reasserts his claim in his timely appeal and moves the court for in forma pauperis status.

The appellate court renders de novo review of a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). Such review reflects that the district court properly dismissed Walden's petition.

Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles*, 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756.

Reviewing recent decisions that have invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have done so essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Charles*, 180 F.3d at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles*, the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a "second bite of the apple." *Id.* at 757; *see also Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir.2000) (court declines to articulate circumstances when burden would be met because prisoner had a prior opportunity to present claims and he had not presented a claim of actual innocence); *United States v. Barrett*, 178 F.3d 34, 52–53 (1st Cir.1999) (same), *cert. denied*, 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000).

Walden has not met his burden to prove that his § 2255 remedy is inadequate or ineffective for several reasons. First, Walden does not cite to an intervening change in the law or to any extraordinary circumstances which reflect that he may be actually innocent of his crimes. Unlike other prisoners who have obtained review of their viable actual innocence claims be-

cause they did not have a prior opportunity to present their claims, *see In re Davenport,* 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States,* 124 F.3d 361, 363, 378–80 (2d Cir.1997); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997), Walden has had opportunities to challenge his conviction and sentence on direct appeal and in his prior § 2255 motion to vacate.

Second, it is unclear whether and to what extent someone like Walden can show actual innocence in relation to his claim that only challenges the imposition of his sentence. *See Wofford v. Scott,* 177 F.3d 1236, 1244–45 (11th Cir.1999). We need not resolve this issue in this case, however, because Walden does not rely on any intervening Supreme Court decision for relief. *See id.*

Third, Walden's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles,* the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because the petitioner may be denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles,* 180 F.3d at 756–58; *accord United States v. Lurie,* 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *Charles,* 180 F.3d at 758.

Accordingly, we grant Walden's motion for leave to proceed in forma pauperis and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.