**Ramon Antonio CARABALLO, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 00–3436.

United States Court of Appeals, Sixth Circuit.

June 7, 2001.

**562**

Before BATCHELDER and MOORE, Circuit Judges; BERTELSMAN, District Judge.*

### ORDER

Ramon Antonio Caraballo, a pro se federal prisoner, appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In December 1994, Caraballo pleaded guilty in the United States District Court for the Western District of North Carolina to conspiracy to possess with intent to distribute cocaine and to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. In February 1996, Caraballo was sentenced to a total of 120 months of imprisonment, and he did not appeal his con-

victions or sentence. Caraballo filed a 28 U.S.C. § 2255 motion to vacate his sentence in June 1996. In June 1999, the court denied Caraballo's motion.

In February 2000, Caraballo filed a § 2241 habeas corpus petition in the district court, arguing that his counsel rendered ineffective assistance by not seeking a reduced sentence based on Caraballo's willingness to consent to deportation. In March 2000, the district court dismissed the petition because Caraballo improperly sought to challenge the imposition of his sentence under § 2241 without showing that his remedy under § 2255 was inadequate or ineffective.

Caraballo has filed a timely appeal, essentially reasserting his ground for relief. He has also filed a motion to proceed in forma pauperis on appeal.

Upon review, we conclude that the district court properly dismissed Caraballo's § 2241 petition. We review de novo a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *See Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999).

Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles*, 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *See id.* at 756.

Reviewing recent decisions that have invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have

---

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

done so essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the AEDPA. *See Charles,* 180 F.3d at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles,* the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a second bite of the apple. *Id.* at 757; *see also Pack v. Yusuff,* 218 F.3d 448, 453 (5th Cir.2000) (court declines to articulate circumstances when burden would be met because prisoner had a prior opportunity to present claims and he had not presented a claim of actual innocence); *United States v. Barrett,* 178 F.3d 34, 52–53 (1st Cir.1999) (same), *cert. denied,* 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000).

Caraballo has not satisfied this burden for several reasons. First, Caraballo does not cite to an intervening change in the law which reflects that he may be actually innocent of the crimes for which he was convicted. Unlike other prisoners who have obtained review of their claims because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate, *see In re Davenport,* 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States,* 124 F.3d 361, 363, 378–80 (2d Cir.1997); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997), Caraballo has had multiple opportunities to challenge his convictions and sentence on his asserted ground. He could have raised it on direct appeal, although he chose not to file a direct appeal, and in his prior § 2255 motion to vacate. In addition, the district court also properly dismissed Caraballo's claim because he simply did not assert a claim of actual innocence. *See Charles,* 180 F.3d at 757 (invalid guilty plea and ineffective assistance of counsel claims are not claims of actual innocence).

Second, it is unclear whether and to what extent someone like Caraballo can show actual innocence in relation to his claim challenging the imposition of his sentence. *See Wofford v. Scott,* 177 F.3d 1236, 1244–45 (11th Cir.1999). We need not resolve this issue in this case, however, because Caraballo does not rely on any intervening Supreme Court decision for relief.

Third, Caraballo's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles,* the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because the petitioner may be denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles,* 180 F.3d at 756–58; *accord United States v. Lurie,* 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Charles,* 180 F.3d at 758.

Accordingly, we grant the motion to proceed in forma pauperis for the limited purpose of this review and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.