**Robert William AUSTIN, Petitioner–Appellant,**

v.

**John HEMINGWAY, Respondent–Appellee.**

**No. 01–1010.**

United States Court of Appeals, Sixth Circuit.

June 11, 2001.

Before BATCHELDER and MOORE, Circuit Judges; BERTELSMAN, District Judge.*

Robert William Austin appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In September 1996, Austin pleaded guilty in the United States District Court for the Western District of Michigan, to conspiring to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(a), (b)(1)(B). The district court sentenced Austin to ninety-eight months of imprisonment and four years of supervised release. Austin did not appeal.

In January 1998, Austin filed an unsuccessful motion to vacate sentence under 28 U.S.C. § 2255, and this court denied him a certificate of appealability on appeal.

In his current § 2241 habeas corpus petition filed in May 2000, Austin claimed that his sentence includes an unconstitutional two-point obstruction of justice enhancement for failure to appear. The district court dismissed the petition, concluding that Austin could not challenge the imposition of his sentence under § 2241, because he had not shown that his remedy under § 2255 was inadequate or ineffective. Austin reasserts his claim in his timely appeal.

■ We review de novo a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999). Such review reflects that the district court properly dismissed Austin's petition.

■ Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles*, 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756.

Reviewing recent decisions that have invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have done so essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Charles*, 180 F.3d at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles*, the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a "second bite of the apple." *Id.* at 757; *see also Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir.2000) (court declines to articulate circumstances when burden would be met because prisoner had a prior opportunity to present claims and he had not presented a claim of actual innocence); *United States v. Barrett*, 178 F.3d 34, 52–53 (1st Cir.1999) (same), *cert.*

---

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

*denied,* 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000).

■ Austin has not met his burden to prove that his § 2255 remedy is inadequate or ineffective. First, Austin does not cite to an intervening change in the law or to any extraordinary circumstances which reflect that he may be actually innocent of his crimes. Unlike other prisoners who have obtained review of their viable actual innocence claims because they did not have a prior opportunity to present their claims, *see In re Davenport,* 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States,* 124 F.3d 361, 363, 378–80 (2d Cir.1997); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997), Austin has had opportunities to challenge his conviction and sentence in his direct criminal appeal—had he availed himself of that opportunity—and in his prior § 2255 motions to vacate.

■ In addition, Austin's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles,* the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because the petitioner may be denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles,* 180 F.3d at 756–58; *accord United States v. Lurie,* 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *Charles,* 180 F.3d at 758.

Accordingly, we affirm the district court's judgment. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.