**Zachary JOHNSON, Petitioner–Appellant,**

v.

**John HEMINGWAY, Respondent–Appellee.**

**No. 00–2025.**

United States Court of Appeals, Sixth Circuit.

June 21, 2001.

Before JONES, DAUGHTREY, and COLE, Circuit Judges.

Zachary Johnson, a pro se federal prisoner, appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The parties have indicated that, in May 1989, a jury convicted Johnson in the United States District Court for the Eastern District of Michigan of conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841 and 846. The court sentenced him to a total of 324 months of imprisonment. A panel of this court affirmed Johnson's convictions and sentence on appeal. *United States v. Maddox,* 944 F.2d 1223 (6th Cir.), *cert. denied,* 502 U.S. 950, 112 S.Ct. 400, 116 L.Ed.2d 349 (1991). In August 1994, Johnson filed a motion to vacate his sentence under 28 U.S.C. § 2255. He indicated that he raised the following issues in his § 2255 motion: 1) whether counsel rendered ineffective assistance because counsel did not challenge an alleged ex post facto violation; and 2) whether "the sentencing court violated the Ex Post Facto Clause by imposing a sentence under 21 U.S.C. § 846 Pub.L. 100–690, rather than 21 U.S.C. § 846 Pub.L. 91–513." The dis-

trict court denied the motion as meritless in December 1994.

In May 2000, Johnson filed a petition for a writ of habeas corpus under § 2241, arguing that the trial court erred because it used a general verdict form concerning his conspiracy conviction, which resulted in the imposition of a greater maximum sentence. In July 2000, the district court denied the petition because Johnson improperly sought to challenge the imposition of his sentence under § 2241, and yet he had failed to show that his remedy under § 2255 was inadequate or ineffective. The court also ordered the case transferred to this court for a determination of whether Johnson was entitled to file a second or successive motion to vacate his sentence. The application for permission to file a second or successive § 2255 motion is proceeding in this court under Case No.00–1796.

Johnson has filed a timely appeal, essentially reasserting his ground for relief. He also argues that his sentence violates the rule announced in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because he was sentenced to more than the statutory maximum for both cocaine and cocaine base.

Upon review, we conclude that the district court properly dismissed Johnson's § 2241 petition. This court reviews de novo the district court's order dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

■ Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles,* 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *See id.* at 756.

Reviewing recent decisions that have invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have done so essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the AEDPA. *See Charles,* 180 F.3d at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles,* the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a second bite of the apple. *Id.* at 757; *see also Pack v. Yusuff,* 218 F.3d 448, 453 (5th Cir.2000) (court declines to articulate circumstances when burden would be met because prisoner had a prior opportunity to present claims and he had not presented a claim of actual innocence); *United States v. Barrett,* 178 F.3d 34, 52–53 (1st Cir.1999) (same), *cert. denied,* 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000).

■ Johnson has not satisfied this burden for several reasons. First, Johnson does not cite to an intervening change in the law which reflects that he may be actually innocent of the crimes for which he was convicted. Unlike other prisoners who have obtained review of their claims because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate, *see In re Davenport,* 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States,* 124 F.3d 361, 363, 378–80 (2d Cir.1997); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir. 1997), Johnson has had multiple opportunities to challenge his convictions and sentence on his asserted ground on appeal and in his prior § 2255 motion to vacate.

Second, it is unclear whether and to what extent someone like Johnson can show actual innocence in relation to his

claim challenging the imposition of his sentence. *See Wofford v. Scott,* 177 F.3d 1236, 1244–45 (11th Cir.1999). We need not resolve this issue in this case. Moreover, although Johnson requests the court to consider his claim in light of the Supreme Court's recent decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the question of whether, and to what extent, Johnson will be permitted to raise an *Apprendi* challenge is currently proceeding in Case No. 00–1796.

Third, Johnson's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles,* the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because the petitioner may be denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles,* 180 F.3d at 756–58; *accord United States v. Lurie,* 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Charles,* 180 F.3d at 758.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.