**Herbert TAYLOR, Petitioner–Appellant,**

v.

**John LAMANNA, Warden, Respondent–Appellee.**

**No. 00–4560.**

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2001.

**284**

Before SUHRHEINRICH and SILER, Circuit Judges; HOOD, District Judge.[*]

Herbert Taylor, a pro se federal prisoner, appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, Taylor pleaded guilty in the United States District Court for the Eastern District of Michigan to possession with intent to distribute heroin in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. The court sentenced Taylor to 108 months of imprisonment. A panel of this court affirmed

Taylor's conviction and sentence on appeal. *United States v. Taylor,* Nos. 96–2461/97–1385, 1998 WL 466487 (6th Cir. July 31, 1998). In November 1996, Taylor filed a motion to correct his sentence, which the district court denied in March 1997. Taylor indicated that this court affirmed the district court's judgment. In October 1998, Taylor filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the district court denied in May 1999.

In October 2000, Taylor filed a § 2241 habeas corpus petition, arguing that: 1) his rights had been violated because the police conducted an improper search of his home; and 2) his counsel rendered ineffective assistance because he did not object to the introduction of illegally seized evidence. In November 2000, the district court dismissed the petition because Taylor improperly sought to challenge the imposition of his sentence under § 2241, and yet he had failed to show that his remedy under § 2255 was inadequate or ineffective.

Upon review, we conclude that the district court properly dismissed Taylor's § 2241 petition. This court reviews de novo a district court's order dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles,* 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy under

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

§ 2255 is inadequate or ineffective. *See id.* at 756.

Reviewing recent decisions that have invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have done so essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the AEDPA. *See Charles,* 180 F.3d at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles,* the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a second bite of the apple. *Id.* at 757; *see also Pack v. Yusuff,* 218 F.3d 448, 453 (5th Cir.2000) (court declines to articulate circumstances when burden would be met because prisoner had a prior opportunity to present claims and he had not presented a claim of actual innocence); *United States v. Barrett,* 178 F.3d 34, 52–53 (1st Cir.1999) (same), *cert. denied,* 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000).

Taylor has not satisfied this burden for two reasons. First, Taylor does not cite to an intervening change in the law which reflects that he may be actually innocent of the crimes for which he was convicted. Unlike other prisoners who have obtained review of their claims because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate, *see In re Davenport,* 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States,* 124 F.3d 361, 363, 378–80 (2d Cir.1997); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997), Taylor has had multiple opportunities to challenge his conviction and sentence on his asserted grounds on appeal and in his prior § 2255 motion to vacate.

Second, Taylor's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles,* the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because the petitioner may be denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles,* 180 F.3d at 756–58; *accord United States v. Lurie,* 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Charles,* 180 F.3d at 758.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.