Bennie TURNER, Petitioner–Appellant,

v.

UNITED STATES of America;  Marvin
D. Morrison, Respondents–
Appellees.

No. 00–6520.

United States Court of Appeals,
Sixth Circuit.

Aug. 15, 2001.

■■■■■■■■■■■■■■■

Before SUHRHEINRICH and SILER, Circuit Judges; HOOD, District Judge.*

### ORDER

Bennie Turner, a pro se federal prisoner, appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1995, a jury convicted Turner in the United States District Court for the Western District of Tennessee for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The court sentenced Turner to 210 months of imprisonment. In May 1996, the Sixth Circuit Court of Appeals affirmed Turner's conviction and sentence. *United States v. Turner*, No. 95–6112, 86 F.3d 1157, 1996 WL 279200 (6th Cir. May 23, 1996).

In February 2000, Turner filed a § 2241 habeas corpus petition in the Western District of Tennessee, the district in which he is presently confined. In the petition, he argued that: 1) the sentencing court lacked jurisdiction to impose sentence; and 2) counsel rendered ineffective assistance because he did not challenge the validity of the indictment. In October 2000, the district court construed Turner's petition as a motion to vacate his sentence under 28 U.S.C. § 2255 and denied the motion as untimely under the AEDPA's one-year statute of limitations. The court also dismissed Turner's § 2241 petition because Turner improperly sought to challenge the imposition of his sentence, and yet he had failed to show that his remedy under § 2255 was inadequate or ineffective.

Turner has filed a timely appeal, essentially reasserting his grounds for relief. Turner moves this court for permission to proceed in forma pauperis on appeal, and he requests an order directing the court to accept his petition as filed under § 2241, not § 2255.

■■ Upon review, we conclude that the district court properly dismissed Turner's § 2241 petition. This court reviews de novo a district court's order dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *See Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999).

■■■ Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles*, 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *See id.* at 756.

Reviewing recent decisions that have invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have done so essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the AEDPA. *See Charles*, 180 F.3d at 756–57. Because the petitioner had failed to submit a facially valid claim of actual

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

innocence in *Charles,* the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a second bite of the apple. *Id.* at 757; *see also Pack v. Yusuff,* 218 F.3d 448, 453 (5th Cir.2000) (court declines to articulate circumstances when burden would be met because prisoner had a prior opportunity to present claims and he had not presented a claim of actual innocence); *United States v. Barrett,* 178 F.3d 34, 52–53 (1st Cir.1999) (same), *cert. denied,* 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000).

Turner has not satisfied this burden for several reasons. First, Turner does not cite to an intervening change in the law which reflects that he may be actually innocent of the crimes for which he was convicted. Unlike other prisoners who have obtained review of their claims because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate, *see In re Davenport,* 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States,* 124 F.3d 361, 363, 378–80 (2d Cir.1997); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir. 1997), Turner had the opportunity to challenge his conviction and sentence on his asserted grounds on direct appeal, and he could have asserted these grounds in a timely § 2255 motion, although he chose not to do so. In addition, the district court properly dismissed Turner's second ground for relief because he simply did not assert a claim of actual innocence. *See Charles,* 180 F.3d at 757 (invalid guilty plea and ineffective assistance of counsel claims are not claims of actual innocence).

Second, it is unclear whether and to what extent someone like Turner can show actual innocence in relation to his claim challenging the imposition of his sentence. *See Wofford v. Scott,* 177 F.3d 1236, 1244–45 (11th Cir.1999). We need not resolve this issue in this case, however, because Turner does not rely on any intervening Supreme Court decision for relief.

Third, Turner's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles,* the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner may be denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles,* 180 F.3d at 756–58; *accord United States v. Lurie,* 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Charles,* 180 F.3d at 758.

Finally, to the extent that the district court construed Turner's petition as a § 2255 motion to vacate, the court properly denied the motion as untimely under the one-year statute of limitations provided in the AEDPA, *see* 28 U.S.C. § 2244(d)(1), because Turner filed the motion more than one year after his conviction became final.

Accordingly, we grant the motion to proceed in forma pauperis for the limited purpose of this review, deny Turner's other pending motion as moot, and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.