**Phillip JOHNSON, Petitioner–Appellant,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent–Appellee.**

No. 00–3149.

United States Court of Appeals, Sixth Circuit.

Nov. 2, 2001.

Before MERRITT, NELSON, and BATCHELDER, Circuit Judges.

## *ORDER*

Phillip Johnson, a pro se federal prisoner, appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

In February 1996, Johnson was convicted by a jury in the United States District Court for the Southern District of New York, of conspiracy to commit armed robbery of a post office, in violation of 18 U.S.C. § 371, of aiding and abetting an assault on a postal employee with intent to steal mail, in violation of 18 U.S.C. § 2114, and of aiding and abetting the use of a dangerous weapon during or in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). Johnson was sentenced to a total of 117 months of imprisonment. The Second Circuit affirmed his conviction and sentence. Thereafter, on an unspecified date, Johnson filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the district court denied in July 1998.

In his current § 2241 habeas corpus petition filed in November 1999, Johnson

sought to challenge his § 924(c)(1) conviction, claiming that he is actually innocent of this crime as the government failed to submit sufficient evidence to prove that he knew or should have known that his two accomplices were using a weapon while he waited for them in a vehicle outside the post office. The district court dismissed the petition because Johnson was improperly seeking to challenge the imposition of his sentence under § 2241, and yet he had failed to show that his remedy under § 2255 was inadequate or ineffective. Johnson has filed a timely appeal from this judgment and moves the court to grant him counsel and to allow him to proceed in forma pauperis on appeal.

We render de novo review of a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). Such review reflects that the district court properly dismissed Johnson's petition.

■ Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles,* 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *See id.* at 756.

Reviewing recent decisions that have invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have done so essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the Antiterrorism and Effective Death Penalty Act. *See id.* at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles,* the court withheld judgment as to whether

a claim of actual innocence would permit a petitioner to have a "second bite of the apple." *Id.* at 757; *accord Pack v. Yusuff,* 218 F.3d 448, 453 (5th Cir.2000); *United States v. Barrett,* 178 F.3d 34, 52–53 (1st Cir.1999), *cert. denied,* 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000).

■ Johnson has not met his burden to prove that his § 2255 remedy is inadequate or ineffective for several reasons. First, even if the actual innocence standard were applicable to this case, Johnson does not cite to an intervening change in the law or to any extraordinary circumstances which reflect that he may be actually innocent of his crime. Johnson has also had multiple opportunities to challenge his conviction and sentence on his asserted grounds.

■ Second, Johnson's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles,* the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner may be denied relief under § 2255, because the petitioner may be denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles,* 180 F.3d at 756–58; *accord United States v. Lurie,* 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Charles,* 180 F.3d at 758.

Johnson's claim is without merit in any event. Johnson complains that the government should not have relied on the *Pinkerton* doctrine to uphold his § 924(c)(1) conviction. This contention is frivolous. See *United States v. Myers,* 102 F.3d 227, 237–38 (6th Cir.1996).

Accordingly, we grant Johnson's motion to proceed in forma pauperis to permit review in this case, deny his motion for the appointment of counsel, and affirm the district court's judgment. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.