# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2999
_____

Willie Wilks,                                        *
                                                     *
                    Appellant,                       *
                                                     *   Appeal from the United States
        v.                                           *   District Court for the
                                                     *   District of Minnesota.
Robert Mundt, Warden,                                *
                                                     *          [UNPUBLISHED]
                    Appellee.                        *

_____

Submitted:  January 22, 2002
Filed:  January 30, 2002
_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.
_____

PER CURIAM.

Federal inmate Willie Wilks appeals the District Court's[1] dismissal with prejudice of his 28 U.S.C. § 2241 habeas corpus petition.  After de novo review, see United States v. Lurie, 207 F.3d 1075, 1076 (8th Cir. 2000), we affirm.

Wilks sought § 2241 relief because the Bureau of Prisons denied his request to remove the Sex Offender Public Safety Factor from his Custody Classification

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable John M. Mason, United States Magistrate Judge for the District of Minnesota.

Form.  We agree with the District Court that the stigma Wilks faced as a result of his classification, without more, failed to implicate a protected liberty interest upon which he could base his procedural due process claim.  See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (noting that prison classification and eligibility for rehabilitative programs in federal system are matters delegated by Congress to discretion of federal prison officials and thus implicate "no legitimate statutory or constitutional entitlement sufficient to invoke due process").  Wilks, who is due to be released early based on good-time credits he has earned, conceded that his completion of a drug-treatment program would merely make him eligible for—not guarantee—an even earlier release.  Cf. Sandin v. Conner, 515 U.S. 472, 487 (1995) (concluding that because nothing in state code required parole board to deny parole in face of misconduct record, and because misconduct record did not inevitably affect duration of inmate's confinement but was just one of many considerations in parole decision, the mere possibility that disciplinary committee's misconduct finding would influence later parole decision was "too attenuated to invoke the procedural guarantees of the Due Process Clause").  Further, even if the classification implicated a protected liberty interest, we would hold that—because the classification was based in Wilks's case on actual convictions—the review he received when he challenged it administratively met minimum procedural due process requirements.  Cf. Neal v. Shimoda, 131 F.3d 818, 831 (9th Cir. 1997) (holding that state prisoner received due process when prison notified him that his classification as a sex offender was based on his prior sex-offense conviction).

We decline to consider Wilks's collateral challenge to the prior sex-offense convictions upon which his classification was based, and we deny his pending motion.

Accordingly, we affirm.  See 8th Cir. R. 47B.

-2-

A true copy.

Attest:

CLERK,  U.S.  COURT  OF  APPEALS,  EIGHTH  CIRCUIT.