**Kenneth L. BROOKS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 01–6318.

United States Court of Appeals, Sixth Circuit.

March 21, 2002.

Before BATCHELDER and CLAY, Circuit Judges; CARR, District Judge.*

## ORDER

Kenneth L. Brooks appeals a district court judgment dismissing his habeas corpus petition filed under 21 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In April 1996, Brooks pleaded guilty to violating 21 U.S.C. §§ 841(a)(1) and 846, violating 21 U.S.C. §§ 841(a)(1) and 2, and forfeiture pursuant to 21 U.S.C. § 853. The district court sentenced Brooks to an aggregate term of 230 months of imprison-

ment and decreed forfeiture. Thereafter, Brooks moved the court to vacate his sentence pursuant to 28 U.S.C. § 2255, in which he urged relief on four grounds, none presented herein. The magistrate judge recommended that the motion be denied. The district court adopted the magistrate judge's report and recommendation, denied the motion, and denied Brooks a certificate of appealability.

In his current § 2241 habeas corpus petition filed in July 2001, Brooks claimed that: 1) a manifest injustice has resulted from violation of his constitutional rights, including among other things, the improper calculation and enhancement of his sentence; 2) he was denied due process of law in a criminal action against him; and 3) his Sixth Amendment rights, including the right to notice of the nature of the charges against him, were violated. The district court construed the pleading as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and dismissed the petition, concluding that Brooks could not challenge the imposition of his sentence under § 2241, because Brooks had not shown that his remedy under § 2255 was inadequate or ineffective.

Brooks reasserts his claim in his timely appeal. The government was not served with the petition in the district court, and hence it was not requested to file an appellate brief.

We render de novo review of a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). Such review reflects that the district court properly dismissed Brooks's petition.

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

■ Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles*, 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756.

Reviewing recent decisions that have invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have done so essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Charles*, 180 F.3d at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles*, the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a "second bite of the apple." *Id.* at 757; *see also Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir.2000) (court declines to articulate circumstances when burden would be met because prisoner had a prior opportunity to present claims and he had not presented a claim of actual innocence); *United States v. Barrett*, 178 F.3d 34, 52–53 (1st Cir.1999) (same).

■ Brooks has not met his burden to prove that his § 2255 remedy is inadequate or ineffective for several reasons. First, Brooks does not cite to an intervening change in the law or to any extraordinary circumstances which reflect that he may be actually innocent of his crime. Unlike other prisoners who have obtained review of their viable actual innocence claims because they did not have a prior opportunity to present their claims, *see In re Davenport*, 147 F.3d 605, 609, 611 (7th

Cir.1998); *Triestman v. United States*, 124 F.3d 361, 363, 378–80 (2d Cir.1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), Brooks has had opportunities to challenge his conviction and sentence in his prior § 2255 motions to vacate, and Brooks did not take advantage of his opportunity to directly appeal his judgment of conviction and sentence.

Second, it is unclear whether and to what extent Brooks can show actual innocence in relation to his claim that only challenges the imposition of his sentence. *See Wofford v. Scott*, 177 F.3d 1236, 1244–45 (11th Cir.1999). We need not resolve this issue in this case, however, because Brooks does not rely on any intervening Supreme Court decision for relief. *See id.*

Third, Brooks's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles*, the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because the petitioner may be denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles*, 180 F.3d at 756–58; *accord United States v. Lurie*, 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *Charles*, 180 F.3d at 758.

Accordingly, we affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.