# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2188
_____

Travis Emory Correll,

*Petitioner - Appellant*,

v.

The United States of America; Loretta E. Lynch, U.S. Attorney General[1]; Charles E. Samuels, Jr., Director, Federal Bureau of Prisons; Paul M. Laird, Regional Director, Federal Bureau of Prisons; W. Scott Willis, Warden, Federal Prison Camp Yankton,

*Respondents - Appellees*.
_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls
_____

Submitted: November 30, 2015
Filed: December 29, 2015
_____

Before LOKEN, BOWMAN, and COLLOTON, Circuit Judges.
_____

PER CURIAM.

_____

[1]Loretta E. Lynch has been appointed to serve as Attorney General of the United States, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

Federal inmate Travis Correll appeals after the district court[2] dismissed his two pro se civil actions, in which he claimed that 18 U.S.C. § 3621, and the regulations promulgated thereunder, violate equal protection because they authorize early release only for nonviolent offenders who both have a history of substance abuse and complete a residential drug-abuse treatment program.

We conclude that the district court properly denied Correll's habeas petition and dismissed his civil-rights action. *See United States v. Lurie*, 207 F.3d 1075, 1076 (8th Cir. 2000); *Cooper v. Schriro*, 189 F.3d 791, 783 (8th Cir. 1999) (per curiam). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). The government's refusal to offer early release to Correll does not implicate a fundamental right, so § 3621 is permissible if it is supported by a rational basis. Congress rationally could have concluded that substance-abuse treatment for prisoners could help reduce the extraordinarily high rate of recidivism among offenders who have a history of substance abuse, and that an early-release incentive was necessary to draw into treatment inmates who might otherwise be unwilling to undergo drug treatment. *See* H.R. Rep. No. 103-320 (1993). The statute is thus supported by a rational basis. *See Brikova v. Holder*, 699 F.3d 1005, 1008 (8th Cir. 2012); *see also Ewing v. California*, 538 U.S. 11, 25 (2003). Accordingly, we affirm. *See* 8th Cir. R. 47B.

------

[2]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, adopting the reports and recommendations of the Honorable Veronica L. Duffy, United States Magistrate Judge for the District of South Dakota.