972 F.2d 346
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Henry CRAWFORD, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-5155.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1992.
 
 1
 Before BOYCE F. MARTIN, Jr. and SILER, Circuit Judges, and CLELAND, District Judge.*
 
 ORDER
 
 2
 James Henry Crawford, Jr., a pro se federal prisoner, appeals the district court's judgment denying his motion to vacate, set aside, or correct sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1990, Crawford pleaded guilty to one count of possession with intent to distribute 99 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). He was sentenced under the career offender provision of the sentencing guidelines, U.S.S.G. § 4B1.1, to 292 months imprisonment and 5 years supervised release. A panel of this court affirmed Crawford's conviction on appeal. United States v. Crawford, No. 90-6174 (6th Cir. unpubl. order of May 14, 1991).
 
 
 4
 In his motion to vacate and his supplemental pleading, Crawford raised three grounds for relief: (1) the trial court was without lawful authority to impose a sentence greater than the applicable guideline range absent an information of enhancement under 21 U.S.C. § 851; (2) Crawford received ineffective assistance of counsel due to his trial counsel's failure to raise the defense mentioned in ground one; and (3) the lack of a definition of cocaine base renders the penalty provision unconstitutionally vague and the enhanced sentence for cocaine base is arbitrary and discriminatory.
 
 
 5
 The district court denied Crawford's motion, finding that a statutory notice of enhancement is not required when a defendant is sentenced as a career offender pursuant to § 4B1.1, that Crawford's counsel was not ineffective for failing to raise a meritless defense, and that the penalty provision for cocaine base is not unconstitutional.
 
 
 6
 On appeal, Crawford continues to argue the merits of his grounds for relief. He requests the appointment of counsel and transcripts at government expense in his appellate brief.
 
 
 7
 Upon review, we affirm the district court's judgment because Crawford has not established a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 8
 Accordingly, the requests for the appointment of counsel and transcripts at government expense are denied. The district court's judgment, entered December 23, 1991, is affirmed for the reasons set forth in its order filed December 18, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert H. Cleland, U.S. District Judge for the Eastern District of Michigan, sitting by designation