**James Henry CRAWFORD, Jr.,**
**Petitioner–Appellant,**

v.

**Marvin D. MORRISON, Warden;**
**United States of America,**
**Respondents–Appellees.**

**No. 01–5042.**

United States Court of Appeals,
Sixth Circuit.

Aug. 10, 2001.

Before KEITH, NORRIS, and
BATCHELDER, Circuit Judges.

James Henry Crawford, Jr., a pro se
federal prisoner, appeals a district court
judgment dismissing his habeas corpus pe-
tition filed under 28 U.S.C. § 2241. This
case has been referred to a panel of the
court pursuant to Rule 34(j)(1), Rules of
the Sixth Circuit. Upon examination, this
panel unanimously agrees that oral argu-
ment is not needed. Fed. R.App. P. 34(a).

In 1990, Crawford pleaded guilty in the
United States District Court for the West-
ern District of Tennessee to possession
with intent to distribute cocaine base in
violation of 21 U.S.C. § 841. The court
sentenced Crawford to 292 months of im-
prisonment. A panel of this court af-
firmed Crawford's conviction and sentence
on appeal. *United States v. Crawford,* No.
90–6174, 932 F.2d 970, 1991 WL 78163 (6th
Cir. May 14, 1991). The record indicates
that, in 1991, Crawford filed a motion to
vacate his sentence under 28 U.S.C.
§ 2255. In 1992, the district court denied

the motion, and a panel of this court af-
firmed the district court's judgment.
*Crawford v. United States,* No. 92–5155,
972 F.2d 346, 1992 WL 198556 (6th Cir.
Aug.18, 1992). Subsequently, the district
court denied Crawford's Fed.R.Civ.P.
60(b) motion for reconsideration of the or-
der denying his § 2255 motion, and this
court affirmed the district court's judg-
ment. *Butler v. United States,* Nos. 93–
5250, 9 F.3d 106, etc., 1993 WL 415292 (6th
Cir. Oct.18, 1993).

In October 2000, Crawford filed his cur-
rent § 2241 habeas corpus petition in the
Western District of Tennessee, although
the record indicates that he is currently
confined at F.C.I. Forest City, in Arkan-
sas. In support of his petition, Crawford
argued that: 1) the court lacked jurisdic-
tion over his prosecution because, based on
the Supreme Court's decision in *United
States v. Lopez,* 514 U.S. 549, 560–61, 115
S.Ct. 1624, 131 L.Ed.2d 626 (1995), his
indictment was defective; and 2) counsel
rendered ineffective assistance because
counsel did not challenge the indictment.
In November 2000, the district court de-
nied Crawford's petition because he im-
properly sought to challenge the imposi-
tion of his sentence, and yet he had failed
to show that his remedy under § 2255 was
inadequate or ineffective.

Crawford has filed a timely appeal, es-
sentially reasserting his grounds for relief.
He also moves this court for permission to
proceed in forma pauperis on appeal.

Upon review, we conclude that the dis-
trict court properly dismissed Crawford's
§ 2241 petition. This court reviews de
novo a district court's order dismissing a
habeas corpus petition filed under 28
U.S.C. § 2241. *See Charles v. Chandler,*
180 F.3d 753, 755 (6th Cir.1999).

Under highly exceptional circumstances,
a federal prisoner may challenge his con-

viction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles,* 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *See id.* at 756.

Reviewing recent decisions that have invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have done so essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the AEDPA. *See Charles,* 180 F.3d at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles,* the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a second bite of the apple. *Id.* at 757; *see also Pack v. Yusuff,* 218 F.3d 448, 453 (5th Cir.2000) (court declines to articulate circumstances when burden would be met because prisoner had a prior opportunity to present claims and he had not presented a claim of actual innocence); *United States v. Barrett,* 178 F.3d 34, 52–53 (1st Cir.1999) (same), *cert. denied,* 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000).

Crawford has not satisfied this burden for two reasons. First, Crawford does not cite to an intervening change in the law which reflects that he may be actually innocent of the crimes for which he was convicted. Unlike other prisoners who have obtained review of their claims because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate, *see In re Davenport,* 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States,* 124 F.3d 361, 363, 378–80 (2d Cir.1997); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir. 1997), Crawford has had multiple opportunities to challenge his conviction and sentence on his asserted grounds on appeal and in his prior § 2255 motion to vacate. Crawford's reliance on *Lopez* is misplaced, as this court has held that "*Lopez* does not give us cause to question Congress's power to regulate an activity as clearly commercial as drug trafficking." *United States v. Tucker,* 90 F.3d 1135, 1140 (6th Cir.1996). In addition, the district court properly dismissed Crawford's second ground for relief because he simply did not assert a claim of actual innocence. *See Charles,* 180 F.3d at 757 (invalid guilty plea and ineffective assistance of counsel claims are not claims of actual innocence).

Second, Crawford's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles,* the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because the petitioner may be denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles,* 180 F.3d at 756–58; *accord United States v. Lurie,* 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Charles,* 180 F.3d at 758.

Accordingly, we grant Crawford pauper status for the limited purpose of this review and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.