**Ellowood Eugene BENNETT, Petitioner–Appellant,**

v.

**John LAMANNA, Warden, Respondent–Appellee.**

No. 00–3879.

United States Court of Appeals, Sixth Circuit.

Aug. 10, 2001.

Before SUHRHEINRICH and SILER, Circuit Judges; HOOD, District Judge.*

Ellowood Eugene Bennett, a pro se federal prisoner, appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1991, a jury convicted Bennett in the United States District Court for the Northern District of West Virginia for engaging in a pattern of racketeering activity in violation of RICO, 18 U.S.C. § 1962(d), arson resulting in death in violation of 18 U.S.C. § 844(i), the use of fire to commit a felony in violation of 18 U.S.C. § 844(h), mail fraud in violation of 18 U.S.C. § 1341, committing a violent crime in aid of racketeering, and obstruction of justice in violation of 18 U.S.C. § 1510. The court sentenced Bennett to 56 years and 10 months of imprisonment. In January 1993, the Fourth Circuit Court of Appeals affirmed Bennett's conviction and sentence. *United States v. Bennett*, 984 F.2d 597 (4th Cir. 1993). In February 1997, Bennett filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the district court denied in January 1999. Thereafter, Bennett filed a motion to file a second or successive motion to vacate his sentence, which the Fourth Circuit denied on March 17, 2000.

In April 2000, Bennett filed his current § 2241 habeas corpus petition in the Northern District of Ohio, the district in which he is presently confined. In the

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

petition, he essentially argued that he is "actually innocent" of his crimes because counsel rendered ineffective assistance throughout the proceedings. In June 2000, the district court denied Bennett's petition because he improperly sought to challenge the imposition of his sentence, and yet he had failed to show that his remedy under § 2255 was inadequate or ineffective.

Bennett has filed a timely appeal, essentially reasserting his ground for relief. He also argues that his arson conviction is invalid in light of the Supreme Court's decision in *Jones v. United States,* 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000), because § 844(i) does not apply to arson of a private residence. Bennett also moves this court for permission to proceed in forma pauperis on appeal.

■ As an initial matter, we conclude that Bennett's new claim that his arson conviction is invalid under *Jones,* is not reviewable on appeal. Bennett did not present this claim to the district court. Unless exceptional circumstances are present, this court will not address an issue not first raised in the district court. *Foster v. Barilow,* 6 F.3d 405, 407 (6th Cir.1993). No exceptional circumstances exist in this case. In addition, this argument is more properly asserted in a motion seeking permission to file a second or successive 28 U.S.C. § 2255 motion to vacate under 28 U.S.C. §§ 2244/2255.

Upon review, we conclude that the district court properly dismissed Bennett's § 2241 petition. This court reviews de novo a district court's order dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

■ Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles,* 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *See id.* at 796.

Reviewing recent decisions that have invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have done so essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the AEDPA. *See Charles,* 180 F.3d at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles,* the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a second bite of the apple. *Id.* at 757; *see also Pack v. Yusuff,* 218 F.3d 448, 453 (5th Cir.2000) (court declines to articulate circumstances when burden would be met because prisoner had a prior opportunity to present claims and he had not presented a claim of actual innocence); *United States v. Barrett,* 178 F.3d 34, 52–53 (1st Cir.1999) (same), *cert. denied,* 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000).

■ Bennett has not met his burden to prove that his § 2255 remedy is inadequate or ineffective for two reasons. First, Bennett did not rely on an intervening change in the law, in the district court, which reflects that he may be actually innocent of the crimes for which he was convicted. Unlike other prisoners who have obtained review of their claims because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate, *see In re Davenport,* 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States,* 124 F.3d 361, 363, 378–80 (2d Cir.1997); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.

1997), Bennett had the opportunity to challenge his conviction and sentence on his asserted ground for relief on appeal, and in his prior § 2255 motion to vacate his sentence. In addition, the district court also properly dismissed Bennett's petition because he simply did not assert a claim of actual innocence. *See Charles,* 180 F.3d at 757 (invalid guilty plea and ineffective assistance of counsel claims are not claims of actual innocence).

■ Second, Bennett's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles,* the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because the petitioner has been denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles,* 180 F.3d at 756–58; *accord United States v. Lurie,* 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Charles,* 180 F.3d at 758.

Accordingly, we grant Bennett pauper status for the limited purpose of this review and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.