David O'DONALD, Petitioner–Appellant,

v.

Edward PEREZ, Warden, Respondent–Appellee.

No. 01–6556.

United States Court of Appeals, Sixth Circuit.

July 30, 2002.

Before SILER, COLE, and CLAY, Circuit Judges.

## ORDER

David O'Donald, proceeding pro se, appeals from a judgment dismissing his petition for habeas relief filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, O'Donald pleaded guilty to armed bank robbery in violation of 18 U.S.C. § 2113(d), use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1), and aiding and abetting in violation of 18 U.S.C. § 2. The court sentenced him to a total of 204 months of imprisonment and five years of supervised release. O'Donald did not appeal his convictions or sentence.

The record reflects that O'Donald has filed numerous post-conviction challenges to his convictions and sentence. In January 1999, the sentencing court denied O'Donald's 28 U.S.C. § 2255 motion on the merits. Thereafter, the sentencing court denied O'Donald's Rule 12(b)(1) motion challenging his sentence because the civil rules were inapplicable and because O'Donald had not sought permission to file a second or successive § 2255 motion. On March 17, 2001, the sentencing court denied O'Donald's motion to reduce his sentence filed under 18 U.S.C. § 3582. Subsequently, O'Donald brought at least five additional motions before the sentencing court, each of which was denied on April 27, 2001. In addition, O'Donald filed a 28 U.S.C. § 2244 motion for permission to file a second § 2255 motion, in which he sought to raise the grounds presented in his current § 2241 petition. On June 28, 2001, the Third Circuit Court of Appeals denied the motion on the merits.

In his current § 2241 motion, O'Donald argued that: 1) the trial court lacked jurisdiction to prosecute and convict him because the victim bank was not federally insured; 2) his § 924(c)(1) conviction is invalid because the indictment did not specify an essential element of the offense, the penalty provision, 18 U.S.C. § 921(a)(6), which specified the type of weapon; and 3) his term of supervised release exceeds the statutory maximum sentence, in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Upon review, the district court dismissed the § 2241 petition, without prejudice, because O'Donald's claims had previously been rejected on the merits. O'Donald has filed a timely appeal, essentially reasserting his claims.

Upon review, we affirm the district court's order for reasons other than those stated by the district court. *See City Mgmt. Corp. v. U.S. Chem. Co.,* 43 F.3d 244, 251 (6th Cir.1994) (this court may affirm on any grounds supported by the record). The district court dismissed this action because O'Donald's claims had previously been rejected on the merits. However, we conclude that O'Donald was prohibited from pursuing his grounds for relief under 28 U.S.C. § 2241 for the reasons set forth more thoroughly below.

This court reviews de novo a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles,* 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy under

§ 2255 is inadequate or ineffective. *See id.* at 756.

Reviewing decisions that have invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have done so essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the AEDPA. *See Charles,* 180 F.3d at 756–57. Because the petitioner had failed to submit a facially valid claim of actual innocence in *Charles,* the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a second bite of the apple. *Id.* at 757; *see also Pack v. Yusuff,* 218 F.3d 448, 453 (5th Cir.2000) (court declines to articulate circumstances when burden would be met because prisoner had a prior opportunity to present claims and he had not presented a claim of actual innocence); *United States v. Barrett,* 178 F.3d 34, 52–53 (1st Cir.1999).

O'Donald has not satisfied this burden for several reasons. First, O'Donald does not cite to an intervening change in the law which reflects that he may be actually innocent of the crimes for which he was convicted. Unlike other prisoners who have obtained review of their claims because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate, *see In re Davenport,* 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States,* 124 F.3d 361, 363, 378–80 (2d Cir.1997); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir. 1997), O'Donald had a prior opportunity to challenge his convictions and sentence on his asserted ground.

Second, it is unclear whether and to what extent someone like O'Donald can show actual innocence in relation to his claim challenging the imposition of his sentence. *See Wofford v. Scott,* 177 F.3d 1236, 1244–45 (11th Cir.1999). We need not resolve this issue in this case, however, O'Donald only raises one claim that he argued was based on a retroactively applicable Supreme Court decision, i.e., his *Apprendi* claim. However, this court has concluded that the Supreme Court has not yet made the *Apprendi* decision retroactively applicable. *In re: Clemmons,* 259 F.3d 489, 492–93 (6th Cir.2001).

Third, O'Donald's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles,* the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because the petitioner has been denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles,* 180 F.3d at 756–58; *accord United States v. Lurie,* 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Charles,* 180 F.3d at 758.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.