**Maggie Louise TURPIN, Petitioner– Appellant,**

v.

**Maryellen THOMS, Respondent– Appellee.**

No. 01–6327.

United States Court of Appeals, Sixth Circuit.

Aug. 6, 2002.

Before RYAN and BOGGS, Circuit Judges; HAYNES, District Judge.[*]

## ORDER

Maggie Louise Turpin, a pro se federal prisoner, appeals a district court judgment dismissing her habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1990, a jury convicted Turpin of aiding and abetting the possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2, and conspiring to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846. Turpin was sentenced to a total of 324 months of imprisonment, plus five years of supervised release. Turpin's convictions and sentence were affirmed on appeal. *United States v. Turpin,* 920 F.2d 1377 (8th Cir.1990). Thereafter, Turpin filed a motion to vacate her sentence pursuant to 28 U.S.C. § 2255. The motion was denied.

In June 2001, Turpin filed a § 2241 habeas corpus petition in the district court, essentially asserting the following five grounds for relief: 1) whether relief is triggered under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), where her 27 year sentence exceeds the maximum penalty of twenty years; 2) whether relief is triggered under *Apprendi* where her term of supervised release exceeds the maximum penalty; 3) whether her sentence was improperly enhanced under USSG § 3B1.1(b) as that section does not constitute an element of her offense; 4) whether her sentence was improperly enhanced under USSG § 2D1.1 as that section does not constitute an element of her offense; and 5) whether this court can consider a downward departure under *Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). Upon review, the district court dismissed the petition because Turpin improperly sought to challenge the imposition of her sentence under § 2241, and because *Apprendi* is not retroactively applicable to cases on collateral review.

Turpin has filed a timely appeal, essentially reasserting her grounds for relief. However, she did not reassert her *Koon* claim. She also moves for the appointment of counsel.

Initially, we note that Turpin does not raise her *Koon* claim on appeal. As she has not argued this issue on appeal, it is considered abandoned and not reviewable. *See Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991).

Upon review, we conclude that the district court properly dismissed Turpin's § 2241 petition. This court reviews de novo a district court's judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

Under highly exceptional circumstances, a federal prisoner may challenge her conviction and imposition of sentence under § 2241, instead of § 2255, if she is able to establish that her remedy under § 2255 is inadequate or ineffective to test the legality of her detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *United*

---

[*] The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

*States v. Peterman,* 249 F.3d 458, 461 (6th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001). It is the petitioner's burden to prove that her remedy under § 2255 is inadequate or ineffective. *Charles,* 180 F.3d at 756. However, the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner was denied relief under § 2255, because the petitioner has allowed the one-year statute of limitations to expire, or because the petitioner was denied permission to file a second or successive motion to vacate. *Charles,* 180 F.3d at 756–58; *accord United States v. Lurie,* 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Charles,* 180 F.3d at 758.

Turpin has not met her burden to prove that her § 2255 remedy is inadequate or ineffective. Turpin has neither asserted that she is actually innocent of her crimes nor has she cited to an intervening change in the law which reflects that she may be actually innocent of the crimes for which she was convicted. Turpin essentially argued that her sentence is illegal, in light of *Apprendi,* because her sentence exceeds the statutory maximum, because the court determined the "quantity/quality" of drugs based on a preponderance of the evidence, and because her sentence was improperly enhanced based on factors that were not presented to a jury. However, *Apprendi* is not applicable in this case because the Supreme Court has not explicitly held that its decision is retroactive to cases on collateral review. *In re: Clemmons,* 259 F.3d 489, 492–93 (6th Cir.2001). Moreover, several circuits have held that *Apprendi* is not retroactively applicable to initial § 2255 motions. *See McCoy v. United States,* 266 F.3d 1245, 1258 (11th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 2362, 153 L.Ed.2d 183 (2002); *United States v.*

*Moss,* 252 F.3d 993, 997 (8th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 848, 151 L.Ed.2d 725 (2002); *United States v. Sanders,* 247 F.3d 139, 146 (4th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 573, 151 L.Ed.2d 445 (2001).

Accordingly, we deny the appointment of counsel and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.